**UNITED STATES of America**

v.

**118/100 TABLET BOTTLES, etc.**

**Civ. A. No. 86–1353.**

United States District Court,
W.D. Louisiana,
Lafayette-Opelousas Division.

May 18, 1987.

Joseph S. Cage, Jr., U.S. Atty., Lawrence W. Moon, Asst. U.S. Atty., Lafayette, La., for U.S.

James N. Gorsline, James D. Miller, King & Spalding, Atlanta, Ga., for Mikart, Inc., and Marnel Pharmaceuticals.

512

## RULING

SHAW, District Judge.

Now before the court is the motion of plaintiff, the United States of America, ("the Government") for summary judgment. Plaintiff commenced this action by filing a complaint of forfeiture, praying for the seizure and condemnation of a specified quantity of drugs which were manufactured by Mikart, Inc. ("Mikart") and which were shipped in interstate commerce at the direction of Marnel Pharmaceuticals, Inc. ("Marnel"). Pursuant to an order of this court, the U.S. Marshal seized a quantity of 100 tablet bottles of Margesic # 3. Both Mikart and Marnel have filed a motion to hold in abeyance and to refer this case for administrative review.

In its complaint, the Government has alleged that the seized Margesic # 3 is a "new drug" that may not be introduced into interstate commerce because it has not been approved in a New Drug Application ("NDA"), as required by Section 505(a) of the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 355(a). Section 201(p) of the FDCA defines a "new drug" as one which is not generally recognized among qualified experts as safe and effective for the purposes for which it is labeled.

In its answer, Mikart and Marnel have each asserted that the seized Margesic # 3 is generally recognized as safe and effective for its labeled uses and, therefore, have denied that the seized Margesic # 3 is a new drug that requires NDA approvals. Mikart and Marnel further argue that the Government's motion for summary judgment is premature because the FDA failed to make an appropriate administrative determination that the seized Margesic # 3 is a "new drug" under the FDCA. Mikart and Marnel thus argue that the proceedings in this court should be held in abeyance pending a formal administrative determination by the FDA of the "new drug" status of the seized Margesic # 3.

The Government argues that for a drug not to fall within the definition of a "new drug", the product must be generally recognized among qualified experts as safe and effective for each of its labeled indications. Such recognition must be based upon at least two adequate and well-controlled clinical investigations that meet objective criteria. Moreover, those investigations must be published in the scientific literature so that they are generally available for review by the community of qualified medical experts. Finally, the requisite adequate and well-controlled investigations must be conducted on the product itself and, in the case of a product containing more than one active ingredient, must demonstrate that each active ingredient contributes to the effectiveness of the product.

The Government argues that the seized Margesic # 3 has not satisfied these requirements. First, the Government states, there has not been even one of the requisite adequate and well-controlled clinical investigations of the seized Margesic # 3 demonstrating its safety and effectiveness for its labeled indications, or the contribution of each active ingredient to any such effectiveness. Second, the Government argues, there have not been any requisite adequate and well-controlled investigations of the seized Margesic # 3 demonstrating its safety and effectiveness for its labeled indications, or the contribution of each active ingredient to any such effectiveness, which have been published in the scientific literature. Third, the Government argues, there is no consensus of expert medical opinion that the seized Margesic # 3 is generally recognized as safe and effective experts. Thus, the Government concludes that the seized Margesic # 3 is liable to condemnation under Section 304 of the FDCA.

To protect the public from drugs that have not been shown to be safe and effective, Congress included in the FDCA provisions that require FDA approval of all "new drugs" prior to marketing, 21 U.S.C. § 355. The FDA also defines the term "new drugs" so as to encompass all drugs other than those that are generally recognized by qualified experts as safe and effective for their labeled indications. 21 U.S.C. § 321(p).

Marnel has admitted that the seized Margesic # 3 is a drug, that it was shipped in

**513**

interstate commerce, and that an approved new drug application is not in effect for it. Thus, the only issue before the court is whether or not the seized Margesic #3 is a "new drug", within the meaning of 21 U.S.C. § 321(p)(1).

21 U.S.C. § 321(p)(1) states, in pertinent part:

> (p) The term 'new drug' means—
>
> (1) Any drug ... the composition of which is such that such drug is not generally recognized, among experts qualified by scientific training and experience to evaluate the safety and effectiveness of drugs, as safe and effective for use under the conditions prescribed, recommended or suggested in the labeling thereof[.]

■ The Government may prove a lack of "general recognition" of the safety and effectiveness of a drug by showing that any one of three requirements has not been met with respect to that drug. That is, to establish that the seized Margesic #3 is "generally recognized", Marnel must prove that there has been published in the scientific literature at least the quantity and the quality of data showing safety and effectiveness that would be necessary for approval of a new drug application ("NDA"), upon the basis of which there exists recognition among the nation's experts in the evaluation of the safety and effectiveness of such drugs that the seized Margesic #3 is safe and effective for its labeled indications.

■ Because the statute requires that expert recognition of a drug's safety and effectiveness be "general", it is not sufficient for a manufacturer merely to prepare the data necessary for approval of an NDA. Unless those data are made generally available to the community of experts and thereby subject to peer evaluation, criticism and review, a concensus among experts cannot be reached. Consequently, the requisite adequate and well-controlled investigations must be published in the scientific literature and thus be made available generally to experts in drug evaluation. *Weinberger v. Bentex Pharmaceuti-*

*cals, Inc.,* 412 U.S. 645, 652, 93 S.Ct. 2488, 2493, 37 L.Ed.2d 235 (1973).

■ FDA has conducted extensive literature searches involving its computer-based data retrieval system for scientific publications about Margesic #3. Those searches reveal that there has not been even one adequate and well-controlled investigation of the seized Margesic #3 which would demonstrate its safety and effectiveness for its labeled indications, and there has not been even one such investigation demonstrating the contribution of each active ingredient to any such effectiveness and published in the scientific literature. Indeed, FDA's literature searches have revealed that no clinical investigation of the seized product has been published in the scientific literature.

Moreover, Jerome H. Jaffe, M.D., John D. Loeser, M.D., and Richard L. Stieg, M.D., whose declarations the Government has submitted in support of its motion for summary judgment, all have stated that they are unaware of any published clinical investigation of Margesic #3. In fact, these highly qualified experts first became aware of the existence of Margesic #3 when they were contacted by FDA employees in connection with this litigation.

Marnel has not shown the court that there has been even one of the requisite adequate and well-controlled investigations of the seized Margesic #3, demonstrating the drug's safety and effectiveness for its labeled indications, or the contribution of each active ingredient to any such effectiveness. This lack of publication of adequate and well-controlled clinical investigations provides a second independent basis for summary judgment. *Weinberger v. Hynson, Westcott & Dunning, Inc.,* 412 U.S. 609, 93 S.Ct. 2469, 37 L.Ed.2d 207 (1973). Moreover, no clinical investigation whatsoever of the seized product, or of the contribution of each active ingredient to any effectiveness of the seized product, has been published in the scientific literature. 21 CFR 300.50(a); *Masti-Kure Prods. Co., Inc. v. Califano,* 587 F.2d 1099, 1101–03 (D.C.Cir.1978).

A third independent reason why this court may grant the Government's motion for summary judgment is that there is no consensus of expert medical opinion that the seized Margesic # 3 is generally recognized to be safe and effective. Moreover, the existence of a severe conflict in expert testimony regarding the safety and the effectiveness of a drug precludes a finding of general recognition. *United States v. An Art. of Drug Con. of 4,680 Pails*, 725 F.2d 976, 990 (5th Cir.1984). The actual safety or effectiveness of the new drug in question is not at issue. Rather, the determination of the actual safety and effectiveness of a new drug is made by the FDA in its consideration of an NDA for the drug.

Each of the experts submitting declarations in support of the Government's motion is eminently well-qualified to evaluate drugs for use as analgesics and to evaluate clinical investigations of such drugs. These experts are in complete agreement that Margesic # 3 is not generally recognized by qualified experts as being safe and effective. Moreover, none of the experts recognizes the product as being safe or effective. Clearly, there is no "consensus" of medical opinion that Margesic # 3 is safe and effective, and thus, there cannot be general recognition of the product within the meaning of 21 U.S.C. § 321(p).

Mikart and Marnel have provided the court with no facts or affidavits which contradict the declarations of the Government's experts. Rather, Marnel and Mikart have moved to hold this matter in abeyance and to refer the matter for administrative review. Marnel and Mikart have asserted that the FDA has failed to make an appropriate administrative determination that the seized Margesic # 3 is a "new drug" under the FDA Act, and, therefore, that the Government's motion for summary judgment in this action is premature. More specifically, Marnel and Mikart request that this court deny the Government's motion for summary judgment and defer consideration of the "new drug" status of the seized Margesic # 3 until such time as the FDA has thoroughly considered all the salient issues and provided this court with a record to support its

decisions. Marnel and Mikart further argue that because the issues that attend the safety, effectiveness, and "new drug" status of Margesic # 3 involve complex scientific and medical issues, the FDA is better equipped than is this court to resolve the issues. Marnel and Mikart conclude that an administrative record establishing the facts, defining the issues, and setting forth a detailed exposition of the agency's findings would provide a sound basis for judicial review and would assist the court in its evaluation of the "new drug" issue. Marnel and Mikart further add that even if judicial economy was not sufficient reason for referral to FDA, referral is required because FDA has violated its own regulatory guidelines by failing to employ established administrative procedures to determine the "new drug" status of the seized Margesic # 3.

Marnel and Mikart observe that the court has authority to refer this case to the FDA for a binding administrative determination of whether the seized Margesic # 3 is a "new drug" under the FDA. *Weinberger v. Bentex Pharmaceuticals, Inc.*, 412 U.S. 645, 93 S.Ct. 2488, 37 L.Ed.2d 235 (1973); *Weinberger v. Hynson, Westcott and Dunning, Inc.*, 412 U.S. at 609, 93 S.Ct. at 2469. *CIBA Corp. v. Weinberger*, 412 U.S. 640, 93 S.Ct. 2495, 37 L.Ed.2d 230 (1973). None of these Supreme Court cases, however, involved an FDA enforcement action. Rather, all were commenced on complaints for declaratory judgment filed by drug manufacturers. Thus, although it was appropriate in those two cases to defer to FDA to avoid conflicting decisions between the agency and the district courts, such deference would be inappropriate here, where it is the agency that is asking the district court to determine "new drug" status in an enforcement action commenced by the Government.

Mikart and Marnel assert that this case involves scientific and medical questions of such complexity that the issues are particularly well suited to a formal administrative determination by FDA. This assertion, however, is misguided. This court is not being asked to determine whether or not

Margesic # 3 complies with an FDA guideline or FDA regulations; rather, this court must determine whether or not Margesic # 3 is a "new drug", despite the fact that it is not "generally recognized" by qualified experts as being safe and effective for its labeled indications. Clearly, this determination does not involve complex scientific and technical issues. Rather, as the declarations of the Government's witnesses have indicated, a perusal of what has been "generally recognized" by qualified experts as safe and effective for the drug's labeled indications will suffice. Moreover, a remand in this case would constitute unprecedented relief. *United States v. Alcon Laboratories,* 636 F.2d 876, 889 (1st Cir.), *cert. denied,* 451 U.S. 1017, 101 S.Ct. 3005, 69 L.Ed.2d 388 (1981). Where claimants in a seizure action or defendants in a proceeding for injunctive relief have sought to have the "new drug" issue referred to the agency, the courts have always refused. *See, e.g., United States v. Alcon Laboratories,* 636 F.2d at 881–82 (district court's order that FDA defer seizure action against alleged "new drug" pending further administrative proceedings held to be an impermissible injunction against FDA); *United States v. X–Otag Plus Tablets,* 602 F.2d 1387, 1390–91 (10th Cir.1979) (district court's refusal to remand new drug seizure to FDA for development of an administrative record affirmed); *United States v. Mosinee Research Corp.,* 583 F.2d 930, 932 (7th Cir.1978) ("[i]t is inconceivable that Congress intended that, when a [regulatory action] is sought ... to protect public health, the district court would be unable to act until the lengthy administrative proceedings necessary to determine the 'new drug' issue have been completed").

In conclusion, this court is persuaded by the uncontradicted testimony of the Government's experts that, for three independent reasons, the Government's motion for summary judgment should be granted and Marnel's and Mikart's motion to hold in abeyance and to refer for administrative review should be denied. First, there has not been one, let alone two, of the requisite adequate and well-controlled clinical investigations of the seized Margesic # 3 demon-strating its safety and effectiveness for its labeled indications, or the contribution of each active ingredient to any such effectiveness. Second, there has not been even one, let alone two, of the requisite adequate and well-controlled investigations of the seized Margesic # 3 demonstrating its safety and effectiveness for its labeled indications, or the contribution of each active ingredient to any such effectiveness, and published in the scientific literature. Third, there is no consensus of expert medical opinion that the seized Margesic # 3 is generally recognized as being safe and effective. Moreover, jurisprudence on the issue of remand dictates that this court, rather than the FDA, should entertain the issue of whether or not Margesic # 3 is a "new drug", within the meaning of 21 U.S.C. § 321(p).

Accordingly, the motion of the United States of America for summary judgment is hereby GRANTED. The motion of Mikart, Inc. and Marnel Pharmaceuticals, Inc. to hold in abeyance and to refer for administrative review is hereby DENIED.

Counsel for the United States of America shall submit a judgment in accordance with this ruling within ten (10) days.