716 F.Supp. 1221 (1989)
UNITED STATES of America, Plaintiff,
v.
SEVEN CARDBOARD CASES, MORE OR LESS, OF AN ARTICLE OF DRUG ... "100 CAPSULES NDC * * * ESGIC * * * WITH CODEINE CAPSULES, etc., Defendant,
and
Forest Pharmaceuticals, Inc., Claimant-Defendant.
No. 88-1398C(3).
United States District Court, E.D. Missouri, E.D.
July 10, 1989.
*1222 Henry J. Fredericks, Asst. U.S. Atty., St. Louis, Mo., for U.S.
Greensfelder, Hemker, Wiese, Gale & Chappelow, Edward A. Chod and John W. Moticka, St. Louis, Mo., Jacqueline H. Eagle, Office of Consumer Litigation, U.S. Dept. of Justice, Washington, D.C., Clayton H. Paterson, Food and Drug Admin., Rockville, Md., for claimant-defendant Forest Pharmaceuticals.

ORDER
HUNGATE, District Judge.
On June 21, 1989, in open Court, the parties argued plaintiff's motion for summary judgment and Forest Pharmaceuticals, Inc.'s motion to strike Mr. Hamilton's declaration. The defendants, a prescription analgesic drug product, Esgic with Codeine,[1] and its distributor, Forest Pharmaceuticals, Inc., oppose the motion.
Plaintiff filed this action under the Federal Food, Drug, and Cosmetic Act (the "Act"), 21 U.S.C. § 334, seeking the condemnation and destruction of the drug product, Esgic with Codeine, because the product is a "new drug" within the meaning of 21 U.S.C. § 321(p) that may not, without violating 21 U.S.C. § 355(a), be introduced into interstate commerce. Section 355(a) prohibits the interstate distribution of any "new drug" unless that drug is the subject of an application approved by the Food and Drug Administration ("FDA") confirming the drug's safety and effectiveness. There is no such FDA-approved application in effect for Esgic with Codeine. In addition, plaintiff seeks to permanently enjoin the drug's distributor, Forest Pharmaceuticals, Inc. ("Forest"), pursuant to 21 U.S.C. § 332, from the continued unlawful interstate distribution of the drug.
Forest admits that Esgic with Codeine is a drug and that it was shipped in interstate commerce. Forest also admits that there is no FDA approval of an application filed pursuant to 21 U.S.C. § 355 in effect for the drug, and that it has been, and still is, distributing Esgic with Codeine in interstate commerce, despite the lack of FDA approval of the drug's safety and effectiveness. In light of these admissions, there is only one issue before the Court: whether, based upon the undisputed facts, Esgic with Codeine is a "new drug" within the meaning of 21 U.S.C. § 321(p). If it is a "new drug," which Forest denies,[2] the amount of the drug under seizure should be condemned pursuant to 21 U.S.C. § 334 because the FDA has not approved an application for it under 21 U.S.C. § 355. In addition, Forest's continued distribution of the drug should be enjoined, pursuant to 21 U.S.C. § 332, because the continued distribution *1223 of a "new drug" not subject to an FDA-approved application violates 21 U.S.C. §§ 355 and 331(d).
To protect the public from drugs that are not safe and effective, Congress has created a scheme that strictly limits the drugs which may be distributed in interstate commerce without first being subjected to premarket review and approval by the FDA. Congress has not, however, conferred plenary power on the FDA to require such premarket approval of all drugs. Drugs that are not "new drugs" may be marketed without being subjected to any premarketing review by the FDA. Drugs that are "new drugs," however, may not be legally marketed until a new drug application, that establishes that the drug is safe and effective, has been submitted to and approved by the FDA. The crux of this case, therefore, is whether Forest may legally market Esgic with Codeine without submitting any data whatever to the FDA to establish that the drug is safe and effective for the conditions for which it is marketed.
The Act defines a "new drug," in relevant part, as:
[a]ny drug ... the composition of which is such that such drug is not generally recognized, among experts qualified by scientific training and experience to evaluate the safety and effectiveness of drugs, as safe and effective for use under the conditions prescribed, recommended, or suggested in the labeling thereof.
21 U.S.C. § 321(p) (emphasis added). Therefore, "new drug" does not mean simply a drug that is new on the market, and "the mere fact that a drug product has been marketed for an extended period does not preclude a finding of `new drug' status." United States v. Articles of Drug ... Hormonin, 498 F.Supp. 424, 432 (D.N. J.1980), aff'd without opinion, 672 F.2d 904 (3d Cir.1981). Rather, it is any drug, regardless of how old, about which insufficient data exists upon which qualified experts can reach a consensus that the drug is safe and effective. In Weinberger v. Hynson, Westcott & Dunning, 412 U.S. 609, 629-30, 93 S.Ct. 2469, 2483, 37 L.Ed.2d 207 (1973), the Supreme Court stated that general recognition by experts must be based upon at least the same quality and quantity of evidence that is necessary to obtain approval of an application for the product in the first instance under 21 U.S.C. § 355.[3] In a companion case, Weinberger v. Bentex Pharmaceuticals, Inc., 412 U.S. 645, 653, 93 S.Ct. 2488, 2494, 37 L.Ed.2d 235 (1973), the Supreme Court stated that "the reach of scientific inquiry under both § 505(d) [21 U.S.C. § 355(d)] and § 201(p) [21 U.S.C. § 321(p)] is precisely the same," and went on to state that "[w]hether a particular drug is a `new drug,' depends in part on the expert knowledge and experience of scientists based on controlled clinical experimentation and backed by substantial support in scientific literature." Id. at 652, 93 S.Ct. at 2493.
In order for a drug product to be generally recognized, therefore, the following elements must be shown:
(1) there must be a consensus of expert opinion that the drug product is safe and effective for its labeled indications;
*1224 (2) that expert consensus must be based upon adequate and well-controlled clinical investigations conducted on the drug product in issue; and
(3) the studies conducted on the drug in issue must be published in the medical literature and available to experts generally.
A drug product that fails to meet any one of the three conditions is a new drug. See United States v. Articles of Drug * * * Promise Toothpaste, supra, 826 F.2d at 569; United States v. An Art. of Drug Con. of 4,680 Pails, supra, 725 F.2d at 985; United States v. 118/100 Tablet Bottles, 662 F.Supp. 511, 513 (W.D.La. 1987).
Summary judgment is proper only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). The movant is not required to "support its motion with affidavits or other similar materials negating the opponent's claim." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986) (emphasis in original). Rather, the moving party must identify the portions of the record and any affidavits that demonstrate the absence of a genuine issue of material fact. Id. Once movant has made a proper showing, the nonmoving party must "go beyond the pleadings and by [its] own affidavits, or by the `depositions, answers to interrogatories, and admissions on file,' designate `specific facts showing that there is a genuine issue for trial.'" Id. at 324, 106 S.Ct. at 2553. To preclude entry of summary judgment based on a proper motion, the nonmovant must make a sufficient showing on every essential element of its case on which it has the burden of proof at trial. Id. at 322-23, 106 S.Ct. at 2552-53. For "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323, 106 S.Ct. at 2552.
The only issue in dispute in this case is whether Esgic with Codeine is, by virtue of its lack of general recognition, a new drug. The government may prove lack of general recognition by proving an absence of material fact as to any of the three elements set out above. United States v. Articles of Drug * * * Promise Toothpaste, supra, 826 F.2d at 569; United States v. An Art. of Drug Con. of 4,680 Pails, supra, 725 F.2d at 985; United States v. 118/100 Tablet Bottles, supra, 662 F.Supp. at 513.
The government in this case filed the declaration of an FDA consumer safety officer which declaration established that, based upon a computer search of the medical and scientific literature, there are no published studies involving Esgic with Codeine or even of any product that contains the same active ingredients as Esgic with Codeine. Thus, there is no literature available to experts generally upon which experts can form an opinion that Esgic with Codeine is generally recognized as safe and effective for its labeled indications.
In opposition, Forest has filed the affidavits of two experts who state they believe Esgic with Codeine to be generally recognized; and Forest has asserted that because the government has filed no such expert affidavits, summary judgment is not appropriate. However, Forest has failed to cite any cases in support of its assertion that, absent countering expert affidavits, summary judgment cannot be entered. Further, Forest has failed to supply any evidence that the government's showing that there are no published studies on Esgic with Codeine is incorrect, and has failed to supply any evidence of any such studies. In fact, Forest's own experts fail to cite any such studies, relying instead on published studies involving products that contain active ingredients other than those contained in Esgic with Codeine, and asserting in general that an opinion concerning Esgic with Codeine can be formed on the basis of extrapolation from studies of other products.
Where there are no published studies, there can be no general recognition. United States v. 225 Cartons * * * Fiorinal with Codeine No. 1, supra, 871 F.2d at 413-16; United States v. Atropine Sulfate, *1225 843 F.2d 860, 862 (5th Cir.1988); United States v. Articles of Drug * * * Promise Toothpaste, supra, 826 F.2d at 568; United States v. An Art. of Drug Con. of 4,680 Pails, supra, 725 F.2d at 987; United States v. Undetermined Quantities ... Equidantin, 675 F.2d 994, 1000 (8th Cir. 1982); United States v. Articles of Drug ... Hormonin, supra, 498 F.Supp. at 431-32. An unrebutted showing, as here, that there are no published studies involving Esgic with Codeine, provides a sufficient basis upon which the Court may grant the government's motion for summary judgment. United States v. 225 Cartons * * * Fiorinal with Codeine No. 1, supra, 871 F.2d at 415-17 (affirming the district court's grant of summary judgment); United States v. Atropine Sulfate, supra, 843 F.2d at 862; United States v. 118/100 Tablet Bottles, supra, 662 F.Supp. at 513; United States v. Undetermined Quantities ... Anucort, 709 F.Supp. 511, 515-16 (D.N.J.1987), aff'd without opinion, 857 F.2d 1466 (3d Cir.1988), cert. denied, ___ U.S. ___, 109 S.Ct. 864, 102 L.Ed.2d 988 (1989).
Forest argues that experts may form an opinion that Esgic with Codeine is generally recognized on the basis of studies of products other than Esgic with Codeine. This argument is misplaced. No court that has considered the question has agreed that studies involving formulations different from the formulation of the drug product in issue may provide the requisite scientific basis for an expert consensus. In fact, courts have firmly rejected the argument advanced by Forest here that experts may base an opinion that a drug product is generally recognized upon extrapolation from such studies. United States v. 225 Cartons * * * Fiorinal with Codeine No. 1, supra, 871 F.2d at 416; United States v. Atropine Sulfate, supra, 843 F.2d at 862-63; United States v. Articles of Drug * * * Promise Toothpaste, supra, 826 F.2d at 568.
In light of the government establishing that there are no adequate and well-controlled clinical investigations published in the medical literature involving the drug product Esgic with Codeine, the government has established that Esgic with Codeine cannot be generally recognized by experts qualified by training and experience as safe and effective for its labeled indications, and that Esgic with Codeine is a new drug. Consequently, there is no genuine issue as to any material fact, and the government is entitled to judgment as a matter of law.
Accordingly,
IT IS HEREBY ORDERED that plaintiff's motion for summary judgment is granted.
IT IS HEREBY FURTHER ORDERED that Forest's motion to strike Mr. Hamilton's declaration is denied.
IT IS HEREBY FURTHER ORDERED that the seized Esgic with Codeine is forfeited to plaintiff and condemned pursuant to 21 U.S.C. § 334, and pursuant to 21 U.S.C. § 334(d), the United States Marshal for the district shall destroy the condemned article of drug sixty days from the date of this order and make due return to this Court.
IT IS HEREBY FURTHER ORDERED that Forest Pharmaceuticals, Inc., and each of its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with them, who have received actual notice of the contents of this order by personal service or otherwise, are permanently restrained and enjoined from directly or indirectly doing or causing to be done any of the following acts:
(A) manufacturing, packing, labeling, or distributing Esgic with Codeine, or any product containing the same active ingredient formulation as Esgic with Codeine, unless and until: (1) an approved new drug application filed pursuant to 21 U.S.C. § 355(b) or (j) is in effect for the product; or (2) an acceptable notice of claimed investigational exemption filed pursuant to 21 U.S.C. § 355(i) and regulation 21 C.F.R. Part 312 is on file for the product; or (3) the FDA has advised defendants that the product is not a "new drug" and that its distribution does not otherwise violate the Act; and
*1226 (B) promoting, labeling, advertising, or representing that Esgic with Codeine, or any product of the same active ingredient formulation, is safe and effective in the cure, mitigation, treatment, or prevention of any disease or medical condition, or is intended to affect the structure or any function of the body of man, by relieving pain or otherwise, unless and until an approved new drug application authorizing such representations is in effect for the product, as required by 21 U.S.C. § 355(a).
IT IS HEREBY FURTHER ORDERED that, pursuant to 21 U.S.C. § 374, duly authorized representatives from the FDA shall be authorized to make inspections of Forest's facilities and all equipment, materials, and products therein, and to examine all records as provided in the section, in order to assure continuing compliance with the terms of this order. Such inspections shall be authorized upon presenting appropriate credentials and a written notice to the owner, operator, or agent in charge.
IT IS HEREBY FURTHER ORDERED that, pursuant to 21 U.S.C. § 334(e), plaintiff shall recover from Forest court costs and fees, storage costs, and other proper expenses.
NOTES
[1] Esgic with Codeine contains 50 mg. of butalbital, 30 mg. of codeine, 40 mg. of caffeine, and 325 mg. of acetaminophen.
[2] Forest's denial is based upon its claim that Esgic with Codeine "is generally recognized, among experts qualified by training and experience to evaluate the safety and effectiveness of drugs, as safe and effective under the conditions stated in the labeling and has been used to a material extent or for a material time under such conditions." See 21 U.S.C. § 321(p).
[3] The statutory requirements for the approval of a new drug application are set out in 21 U.S.C. § 355(d), which section requires the submission of substantial evidence consisting of adequate and well-controlled investigations, including clinical investigations, on the basis of which it could fairly and responsibly be concluded by experts that the drug will have the effect it purports or is represented to have. FDA regulations, 21 C.F.R. § 314.126, define the requirements of an adequate and well-controlled investigation. For combination drug products, the sponsor must also show that each component makes a contribution to the claimed effects, and the dosage of each component is such that the combination is safe and effective for a significant patient population requiring such concurrent therapy. 21 C.F.R. § 300.50. Courts reviewing the issue of general recognition for a combination drug product have held that the "substantial evidence of safety and effectiveness" required for such recognition must consist of studies meeting the requirements of each of these regulations. See, e.g., United States v. 225 Cartons * * * Fiorinal with Codeine No. 1, 871 F.2d 409, 413-16 (3d Cir.1989); United States v. Articles of Drug * * * Promise Toothpaste, 826 F.2d 564, 570-71 (7th Cir.1987); United States v. An Art. of Drug Con. of 4,680 Pails, 725 F.2d 976, 985-87 (5th Cir.1984).